So we hear first from Ms. Quiroga for 10 minutes. May I please the court? My name is Maria Quiroga and I represent the appellants. I would like to reserve five minutes for rebuttal, which will be led by attorney and co-counsel Hector Quiroga. Okay, the clock has already been adjusted to do that. So what your time is that? No problem. Thank you. We're here today appealing a decision from the lower court, which you can find in your docket number 22, expert of record, page 410. The decision that was made in that order stripped jurisdiction for an unreasonable delay claim under one, the waiver enabling statute, two, the APA, and three, a mundane misclaim. What is the current status of the I-160? Still pending, Your Honor. The 601A is pending, 18 months as of today. As this is an issue of law on a 12B1 motion, the court should review the lowest court order de novo. Under a 12B1 motion, the plaintiff has the burden under a preponderance of the evidence, meaning more likely than not, in establishing subject matter jurisdiction. And when we're interpreting the text of a statute, if there's any ambiguity, there must be clear and convincing evidence of congressional intent. That standard is not met in this case. We believe that we have jurisdiction under the statute, under the APA, and under mundane misclaims, and we request the case be remanded to the lower court. This is why we believe we have jurisdiction. The lower court's interpretation of the statute was flawed because of three reasons. One, the plain reading of the statute does not preclude review, and the court incorrectly applied Patel to expand the meaning of the waiver-enabling statute. Two, the incorrect use of the definition of agency action. And three, the error in not— Let me stop on that second one, because that one seems to me to be critical. Because when this statute says, no court shall have jurisdiction to review a decision or action by the attorney general regarding a waiver under this clause, what statute is that prohibition aimed at? So Your Honor, the APA, or it is—the INA, where our statute lives, is Title VIII. The APA is Title V. When this statute prohibits review of a decision or action by the attorney general regarding a waiver under this clause, where would the review otherwise have been available that is barred by that provision? Well, Your Honor, it says a waiver under this clause, under this title, which would have been the INA. Okay, I'm going to ask the question a third time, and maybe you'll answer it this time. Okay. When this statute says, no court shall have jurisdiction to review a decision or action by the attorney general regarding a waiver under this clause, what statute would have conferred jurisdiction or would have been invoked as providing the cause of action if this provision did not exist? So Your Honor, it would be Title VIII, and it would be the writ of mandamus. But— No, it would be the APA. The APA and writ, because the writ of mandamus is to compel a decision, right? We're compelling— But you can't use a common law writ of mandamus if there's a statutory cause of action available. The APA provides the statutory cause of action that is barred by this provision. That's correct, Your Honor. But what's— It uses the word action, which is defined in the APA, to look at the APA's definition of action. Why is that— Correct, Your Honor. Why is that not correct? Because when you—but when you look at the APA, what Congress—you have to look at what Congress intended in defining agency action. And if you look at what Congress intended, they wanted—the MPA was made to ensure that it would allow judicial review of agency delays in its actions. I think the other way to look at that is Congress, in a rare opportunity to relieve judicial caseload, said that they did not want federal judges deciding whether delay in the USCIS approval of I-160 was unreasonable. What's wrong with that interpretation? Your Honor, although it may be an interpretation, it's not an act, it's natural reading. You can say an action is a doing. It's not an inaction or not a doing. And so when you look at the natural meaning, it means a doing, an action or a decision. If the—if the—if the court or Congress just wanted to end the inquiry at everything, it would have said the following, no court should have jurisdiction to review, period. Why the rest of the sentence, a decision or action by the Attorney General regarding a You have to describe what the object of the prohibition—you have to—it's a boring review of some things. You have to describe the something. Right, but the statute before it's saying we're already under the waiver of land. It could have just ended it. If we would have said any decision, which is what's the flaw with this lower court, if you look at expert of seven—expert page seven, the judge finds the waiver prohibition review of any action, expert eight, there is no textual limitation restricting—this is what the lower court found—1182A9BV to certain kinds of decisions. It states that it covers any decision or action. This word any is not even in our statute. Let's suppose that a week from today USCIS approves the I-160. What happens with this case? Your Honor, I have to argue that it's moved because then that's a decision, right? Well, let's flip it. Let's suppose two weeks from today they deny the I-160. Don't you have a remedy? Doesn't your client have a remedy? They do not. They do not have a remedy because you're still under the decision. So the statute, I think the statute is very clear that a decision, whether it's to grant or deny relief, that we can't go into whether there was extreme hardship to the lawful permanent resident spouse. We can't make the determination. But here we're going a little bit—we didn't even get there because we don't have a decision, right? The whole discussion is an action. But then the statute can hardly provide a basis for us to exercise jurisdiction to obviate or force the agency not to delay. I mean, I think at best you have an action. Perhaps. I don't know. I don't know how these things work. You could take an action against the agency for damages flowing from the delay. Maybe. I don't know what would happen with that. But I think the panel—maybe I'm wrong. I don't know. It seems to me the panel agrees that no court shall have jurisdiction to review a decision or action of the attorney general regarding a waiver. You have a waiver. You have a decision or an action. And we can't do it. Your Honor, but you have to focus on the standard. It says clear and convincing evidence— I'm not sure we do. I think we have to focus on that text that I just read to you. But anyway, go ahead. Okay. So the order further states that because the word regarding is used in our statute, this is going to include anything regarding a waiver. And that's why we argue that this is an incredibly broad reading of the statute. By adding the word there, any, the lower court expanded on a statute to close the root or literally anything. The court supports that analysis, citing Patel. And Patel's statute actually says no court should have jurisdiction to review any judgment regarding the granting of relief. Patel is so distinguishable from this case because in Patel's statute, there was actually the word any. The entire Patel decision centered on what is the definition of judgment, another word that is not present in our statute. And the only word— The word a is even more restrictive, right? And the word a would be restrictive to— You can't review a decision. You can't review a decision into Mercado's claim, a waiver. Not generally or broad, right, of all the waivers of what the government is trying to all these lines of actions, right? The only word— Our statute is the word regarding. Our statute doesn't have the word regarding, which Patel defined as relating to. So the word is completely taken out of context as when you look both at the word any and you look at the word regarding, Patel holds this is anything relating to a judgment. To mean that in our statute, it's going to mean exactly the same as anything related to a waiver is actually quite a stretch. Going back to the APA, Congress has specifically added the definition of agency action to ensure that the APA would allow for judicial review. It was intended to ensure the complete coverage of every form of agency, power, proceeding, action, or inaction. In other words, the scope of the APA was to create a system of judicial review to remedy every legal wrong, whether that wrong actually took form of an action or inaction. Therefore, without a similar definition in the INA, the word action in the Waiver Enabling Statute means precisely that, not the lack thereof. And if Congress intended to include agency action, I think they would have expressly stated as such. Thank you, counsel. And now we'll hear from Mr. Nguyen. May it please the court. James Nguyen for the government. Good morning, your honors. The district court properly dismissed plaintiff's complaint alleging unreasonable delay on the part of USCIS in adjudicating the unlawful president's waiver application because section 1182A9B5 expressly strips federal courts of jurisdiction. The enabling statute underlying the secretary's waiver authority makes clear that, as this court has stated a number of times before just now, no court shall have jurisdiction to review a decision or action by the secretary regarding a provisional unlawful president's waiver. Having said that, the Ninth Circuit has never spoken directly to a delay case, has it? No, your honor. This is an issue of first impression. So this court has, the Ninth Circuit has not weighed into whether, you know, has not interpreted the specific statute. That's correct. So your position is that failure to act on a petition or delay in acting on a petition may not be reviewed under the same standards that a substantive decision on the petition would require. Well, I just want to back up. But the plaintiff's not really alleging that. The law is the same, right? Yeah. The clause is the same, right? Yes. But I just want to, you know, clarify that the plaintiffs are not alleging that USCIS isn't doing, you know, anything. They're not alleging that USCIS has basically ceased all processing of I-601A applications or that they're singled out from Ricardo Gonzalez's application in particular. They're taking too long. They're just taking too long. Yeah, and that's basically the real issue is that USCIS isn't prioritizing its work in the way that plaintiffs would prefer. And that's ultimately, you know, the real heart of this issue. So I think that by saying that, you know, inaction isn't action for the purposes of the statute, it's simply an effort to, you know, reframe and evade the jurisdiction stripping provision. But, you know, also I'd just add that, you know, this court has previously held in like these unlawful presence waiver applications are not subject to review. I mean, these are quintessential matters of, these waivers are quintessential examples of matters of governmental grace that are generally not subject to review. And USCIS's pace of adjudicating the provisional unlawful waiver application is also inaction under the capacious language of the statute. So the jurisdictional bar encompasses actions by the agency that determine the pace of adjudicating, you know, any given waiver application. So no jurisdiction on our part to interfere with this discretionary decision irrespective of how long it takes? On this record, yes, absolutely. That's right. Six years? Well, I don't know if there's an outer bounds of, you know, when the facts would take the statute out of application. Ten years. I think if there's an allegation of, you know, perhaps bad faith or, you know, for example, that the government has decided to, you know, wholesale, you know, eliminate this program, I mean, maybe then there might be some wiggle room. Is your position that no amount of delay is relevant? If our position is that under these facts, you know, the application of the statute clearly applies and that there's no... I would ask you hypotheticals. Absolutely. If there were a 10-year delay, would your position be different? I'm sorry, if there was a 10-year delay? 10 years. 10-year delay. So if there's a 10-year delay and it was simply an allegation that the application is taking too long and that the, you know, median processing time is, you know, as reported by the USCIS's website is, you know, say about around 10 years, I'd say that there is no jurisdiction to review. What does that website say today about... Right now, I believe the current median... Actually, I shouldn't say median processing time. I'd say what the website reports is that the 80% of applications are adjudicated or processed within about 44 months. So that's currently the wait time. How long has this been? This is 18 months. And what's the nature of the claim here? Are there any claims to colorable constitutional violations at issue here? No, I don't believe so, Your Honor. And I mean, first, there are a lot of problems with their constitutional claims. I mean, you know, not to belabor the point, but I mean, this is being raised for the first time on appeal. And this court is a court of review, not of first view. And so they're now teeing this up for the first time on appeal, which... And these claims also rely on facts that are not alleged in the complaint and are improperly on the motion to dismiss below. But in any event, you know, the constitutional claims are meritless. There's no substantive due process issue here, and there's also no separation of powers issue. Is this case capable of resolution by mediation? I don't believe so, Your Honor, no. Because the government is firm in its position? Yes, Your Honor. The government is firm in its position that the statute applies. I don't think if DOJ and counsel for this individual sat in a room and talked with a mediator, not taking one side or the other, that the case couldn't be resolved? I don't believe so, Your Honor. I mean, also, I think, you know, if the case were to be resolved in that manner, would prejudice people who are also waiting in line for their I-601 waivers to be processed, that that would just be an avenue for plaintiffs to jump the line. I've only been doing this for 30 years, but we routinely, in immigration cases, send cases to mediation. Sometimes it works, sometimes it doesn't. If it doesn't work, the case comes back and we resolve it as to the law. But there's no prospect here. No, no, I don't believe so, Your Honor. I mean, this is an issue where the government is insistent that the jurisdiction stripping provision applies and also that, you know, this is to try to resolve the case and expedite this application would just allow and encourage other people who are pending I-601A applications to file suit and also to potentially jump the line. Okay. Also, even if the court disagrees with the government on the application of the jurisdiction stripping provision, this claim also fails under the APA, under Section 5 U.S.C. 706.1. Although the APA directs that the agency shall proceed to conclude a matter presented to it within a reasonable time, relief under 706.1 is available only when the agency has failed to take a discrete action that it's required to take. So under Norton, for there to be a discrete required agency action, there must be a specific unequivocal command. And the key takeaway from the Fourth Circuit's decision in Gonzalez and this court's decision in Vaz is that to discern whether there's a mandatory duty to adjudicate these waiver applications, we have to look to statute and regulation to find that specific unequivocal command to do so. Could we address that merits issue without resolving the applicability of the jurisdictional bar? Because I would think under Steel Company, we have to do the jurisdiction first before we can touch the merits. That's absolutely right, Your Honor. I believe that's correct. We'd only reach that if we ruled against the government on the jurisdictional issue and then proceeded to the merits of the APA. Right, Your Honor. So one way or another, the court has to address and comes to grips with the jurisdictional issue. And if the court disagrees with us on the jurisdictional issue, then it can address whether the plaintiffs have failed to state a claim upon which relief can be granted. So, and also the court should also affirm the district court judgment below on dismissing the State Department because those claims are not ripe for review. Plaintiffs have lodged a number of hypotheticals and speculative scenarios in making the claim that the claim is still ripe. But there's presently nothing that State Department can do until the waiver application is processed. I mean, actually, I would clarify that it's possible for, well, if the State Department were required to schedule a visa interview without any adjudication on the waiver application, all that would happen would be that Mr. Ricardo Gonzalez would appear at the consulate, would be interviewed, and then he'd be found inadmissible for his unlawful presence and then subject to the reentry bar, the three or 10-year statutory reentry bar. And that's clearly not what he wants. So in that situation, he would have to file an I-601 waiver while he's abroad and wait out that time until that waiver gets adjudicated before he can try to be admitted into the United States. So that, but really the bottom line is there's nothing for the State Department to do here. I don't even think plaintiffs want the State Department to be compelled to schedule that visa interview. So if there are no further questions, we ask that you affirm judgment below. Thank you, Your Honors. Thank you, Counselor. We'll hear rebuttal from Mr. Quiroga. Thank you, Your Honor. Hector Quiroga for appellants. You know, there's a couple things we need to remember. We are in a motion to dismiss for lack of statute of jurisdiction. It's a factual attack on the complaint. It's the facts that are in the complaint. There's a lot of speculation where action could be. Can action be taken by the government because they send an email? There is such a thing as a notice of action. It's a Form 797C that you get in immigration cases when the agency communicates action. None of that is here. It's not a complaint because we have to prove the negative. So there has been no action. That is the crux of the matter. Did Congress intend, clearly and convincingly, to apply to any order like the judge and the lower court intended? So negligence could be a failure to act. Excuse me. Clock is not running. I'm sorry, Your Honor. Go ahead. Sorry to interrupt. Negligence, a constitutional law claim, could be, in fact, a matter. So when the judge goes in this order and says, this is page 5 of the order, here, and I read this jurisdictional bar to cover any matters, anything at all, the judge asks, is a decade enough? Counsel, of course, we have to be. Now, the APA talks about reasonableness. Is this reasonable? If you dismiss this complaint, they have no other tribunal on which they can review anything. They will be completely out. Lastly, Your Honor, there's a claim that you would have to go to the consulate for your interview. Department of State can issue the interview. We can go to the interview. And they might ask for a 601. The waiting time of the 601 is half. Therefore, there is prejudice. They have the ability to do this. So when it says it's not right, they just have to schedule. They have to take an action to schedule this action. They haven't done so. So if in your conscience and in your heart, you believe that Congress clearly intended to divest all jurisdiction of all matters, you would affirm the decision. But if you're not clearly convinced, even if you have doubt that that's not what Congress meant, that it didn't mean for one judge to take the word one title to apply the definition of a different title to then divest jurisdiction from both titles, you would have to remand this. Lastly, Your Honor, it was mentioned by the court. The Ninth District hasn't pronounced the several district courts around the United States that have different opinions. But this is the first time we get to an appellate court on this issue. We ask you to publish your opinion. Give us some direction. Please help these litigants know how we can better navigate the very complex immigration systems. We ask you to please give us a remedy. Thank you. Thank you, counsel. Thank both sides for your helpful arguments in this case. And the case of Mercado v. Miller is submitted for decision. And with that, we are concluded our session for this morning.
judges: HAWKINS, COLLINS, Murphy